IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE GARDNER, as Administratrix of the Estate of Sharon Ann Gardner, deceased as Assignee of Kevin Harper,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. 05-CV-1055-GLL<br><br>The Honorable Gary L. Lancaster<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED ELECTRONICALLY** |

## ORDER OF COURT

AND NOW this 6th day of June, 2006, with the consent of the parties hereto, it is hereby ORDERED that the parties to this action are to comply with the terms of the **STIPULATION REGARDING NON-DISCLOSURE AND CONFIDENTIALITY**, a copy of which is attached hereto as Exhibit "A".

BY THE COURT,

_____, J.

**CONSENTED TO BY:**

/s/ Amy B. Kubisiak, Esquire
Amy B. Kubisiak, Esquire
1404 Grant Building
Pittsburgh, PA 15219
(412) 765-1811
Attorney for Plaintiff

/s/ C. Leon Sherman, Esquire
C. Leon Sherman, Esquire,
C. Leon Sherman & Associates, P.C.
20 Stanwix Street, Fifth Floor
Pittsburgh, PA 15222
(412) 258-2510
Attorney for State Farm Fire and
Casualty Company

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE GARDNER, as Administratrix of the Estate of Sharon Ann Gardner, deceased as Assignee of Kevin Harper,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. 05-CV-1055-GLL<br><br>The Honorable Gary L. Lancaster<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED ELECTRONICALLY** |

## STIPULATION REGARDING NON-DISCLOSURE AND CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the parties to the above-captioned action, as follows:

1. This Stipulation Regarding Non-Disclosure and Confidentiality (hereinafter "Stipulation") governs the use of all confidential information, as defined below.

2. State Farm Fire and Casualty Company claims that certain documents provided by State Farm Fire and Casualty Company (hereinafter "State Farm") in this civil action pursuant to the Federal Rules of Civil Procedure constitute or contain confidential and/or proprietary information (hereinafter collectively "confidential information"), which documents contain confidential commercial and personal (employee) information, which State Farm would not want to be disclosed to third parties, and such documents have been designated as such. By designating a document as "CONFIDENTIAL", counsel for Defendant State Farm certifies that, after the review of the document, counsel would sign


EXHIBIT A

a Motion for Protective Order, pursuant to Fed. R.C.P. 26(c)(7), asserting that the document contains 'confidential research, development, or commercial information' [including personnel (employee) information, requesting an Order of Court that such document should only be revealed in a designated way.

3. Subject to the following Paragraph, except with prior consent of State Farm or upon prior Order of Court, the confidential information and any transcript of testimony which discusses the subject matter of said confidential information may be disclosed solely for use in this litigation and may be disclosed only to those persons who have a legitimate right to review the confidential information in connection with this litigation, such as the Plaintiff, her counsel, her consultants, her expert witnesses, any person or entity called as a witness during the trial of this action or called for purposes of offering deposition testimony, and the Court, including all of its support personnel.

4. Before any consultant or expert is given access to confidential information to the extent permitted under this Stipulation, such person or entity shall first read this Stipulation and execute an Acknowledgment and Consent substantially in the form attached hereto as "Exhibit A," a copy of which shall be retained by Plaintiff.

5. Any filing or submission to the Court (including, without limitation, deposition transcripts, exhibits, motions, briefs, affidavits and declarations) that includes or discloses confidential information shall be filed with a request made that the matter be filed under seal and that it shall remain under seal unless or until an Order of Court is entered revising the Stipulation so as to allow such documents to be unsealed, or an agreement to that effect by the parties is reached in writing. If and when a dispute regarding a "confidential" matter arises, and Plaintiff wishes to file a Motion regarding the dispute, Plaintiff will send

the Motion regarding the dispute to Defendant, and Defendant will draft and file the Motion to request that the Court allow the Plaintiff's Motion to be filed under seal. If the Court grants the Motion, State Farm will have prepared the CD containing the confidential document(s) in question, and provide it to Plaintiff.

6. If a party who has obtained confidential information under the terms of this Stipulation receives a subpoena which requires the production of such information, that party shall notify State Farm within five (5) days of its receipt of the subpoena, and that party will not produce such documents after that five day period, if any Motion for a Protective Order filed by State Farm is filed and pending within the time required by law for compliance regarding those subpoenaed documents, it being understood that nothing in this Stipulation shall be construed to obligate Gardener to file any Motion to prevent enforcement of the subpoena.

7. The inadvertent or unintentional production of confidential information shall not be deemed a waiver, in whole or in part, of State Farm's claim of confidentiality.

8. Any person to whom confidential information is disclosed under the terms of this Stipulation shall take all reasonable precautions to prevent any use or disclosure other than as authorized herein. Counsel shall take all steps reasonably necessary to advise any person to whom confidential information may be disclosed, or by whom it may be used, of the terms of this Stipulation.

9. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement (including any subsequent judicial approval process and all appeals), all confidential information, at the option of the person in possession of such information, shall either be returned to State Farm or destroyed. The

Plaintiff shall give written assurance that this provision has been complied with upon the request of State Farm.

10. Nothing in this Stipulation shall be construed to limit, restrict or otherwise affect the ability of the parties to seek by motion to modify this Stipulation.

11. Nothing in this Stipulation shall be construed to limit, restrict or otherwise affect the ability of the Plaintiff to challenge State Farm's confidential information designation of any item produced pursuant to this Stipulation.

12. The parties hereto agree to preserve and protect the confidentiality of any such confidential information received, and shall only use the confidential information for the sole purpose of this litigation.

13. The undersigned parties expressly warrant and represent that the execution of this Stipulation is fully authorized by each of them; that the person or persons executing this Stipulation have the necessary and appropriate authority to do so; that there are no pending agreements, transactions, or negotiations to which any of them is a party that would render this Stipulation or any part of it void, voidable, or unenforceable; and that no authorization, consent or approval of any government entity is required to make this Stipulation valid and binding upon them.

14. The parties hereto hereby consent to the entry of the following Order of Court:

### CONSENT ORDER OF COURT

AND NOW this ___ day of _____, 2006, with the consent of the parties hereto, it is hereby ORDERED that the parties to this action are to comply with the terms of the **STIPULATION REGARDING NON-DISCLOSURE AND CONFIDENTIALITY**, a copy of which is attached hereto as Exhibit "A".

15. This Stipulation may be executed in counterparts.

**STIPULATED AND AGREED TO THIS 14th DAY OF JUNE, 2006 ON BEHALF OF THE PARTIES HERETO:**

/s/ Amy B. Kubisiak, Esquire
Amy B. Kubisiak, Esquire
1404 Grant Building
Pittsburgh, PA 15219
(412) 765-1811
Attorney for Plaintiff

/s/ C. Leon Sherman, Esquire
C. Leon Sherman, Esquire,
C. Leon Sherman & Associates, P.C.
20 Stanwix Street, Fifth Floor
Pittsburgh, PA 15222
(412) 258-2510
Attorney for State Farm Fire and
Casualty Company

c:casos\harper\pleadings\05-1055-federal\discovery\non-disclosureandconfidentialityagreement.fin

## EXHIBIT "A"

## ACKNOWLEDGMENT AND CONSENT

I, _____, certify that I have read and am fully familiar with the terms of the Stipulation Regarding Non-Disclosure and Confidentiality in the action captioned as <u>Nicole Gardner, as Administratrix of the Estate of Sharon Ann Gardner, deceased as Assignee of Kevin Harper v. State Farm Fire and Casualty Company</u>, Case No. 05-CV-1055-GLL, filed in the United States District Court for the Western District of Pennsylvania. I understand the effect of the Stipulation and I agree to be bound by its terms. Specifically, I will not disclose nor permit the unauthorized viewing or disclosure of Confidential information, as set forth in said Stipulation.

I hereby submit to the jurisdiction of this Court for purposes of ensuring compliance with said Stipulation.

Executed this _____ day of _____, 20___.

_____

Printed Name: _____

Sworn to and subscribed before
me this _____ day of _____, 20___.

_____
Notary Public
My Commission Expires: