IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE GARDNER, as          )
Administratrix of the       )
Estate of Sharon Ann Gardner, )
deceased as Assignee of     )
Kevin Harper,               )
                            )
          Plaintiff,        )
                            )
     v.                     )   Civil Action No. 05-1055
                            )
STATE FARM FIRE and CASUALTY )
COMPANY,                    )
          Defendant.        )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              June 11, 2007

          This is an insurance coverage dispute. Plaintiff,
Nicole Gardner, is the Administratrix of the estate of her
mother, Sharon Ann Gardner. Plaintiff alleges that her mother
was injured on the sidewalk outside property plaintiff rented
from Kevin Harper, an insured of defendant State Farm Fire and
Casualty Company. Plaintiff initially filed suit against Mr.
Harper in the Court of Common Pleas of Allegheny County,
Pennsylvania. After defendant denied Mr. Harper insurance
coverage, plaintiff obtained a default judgment against Mr.
Harper. Thereafter, plaintiff filed this action against defendant
in state court, and defendant removed this action to this court
pursuant to 28 U.S.C. §§ 1441 and 1446.

Plaintiff alleges that defendant wrongfully denied Mr. Harper insurance coverage.  Plaintiff alleges that defendant's conduct constituted Breach of Contract (Count I), Breach of Fiduciary Duty/Duty to Act in Good Faith (Count II), Negligence (Count III), Bad Faith in violation of the Pennsylvania Bad Faith statue, 42 Pa.C.S.A. § 8371 (Count IV), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201 <u>et</u> <u>seq</u> ("PUTPCPL")("Count V")[1].  Defendant has filed a motion for summary judgment [Doc. No. 67] contending that plaintiff has failed to state a claim against it.  Plaintiff has filed a cross motion for summary judgment [Doc. No. 71] arguing that she is entitled to judgment as a matter of law.

For the reasons set forth below, defendant's motion will be granted and plaintiff's motion will be denied.

I.   <u>BACKGROUND</u>

Unless otherwise specifically indicated, the following material facts are undisputed.  Kevin Harper and Deborah Watts purchased a residence located at 1803 Soles Street, McKeesport, Pennsylvania (the "Soles Street property") in the 1980s.  In

---

[1]

Plaintiff also seeks punitive damages in Count VI.  In Pennsylvania, a "request for punitive damages does not constitute a cause of action in and of itself.  Rather, a request for punitive damages is merely incidental to a cause of action." <u>Nix v. Temple Univ. of the Commonwealth System of Higher Educ.</u>, 408 Pa.Super. 369, 380 (Pa. Super. 1991)(citing <u>Feingold v. SEPTA</u>, 512 Pa. 567 (1986)).

1988, Mr. Harper and Ms. Watts purchased a homeowners insurance policy, No. 38-06-2027-2, ("the policy") from defendant.  The policy identified the Soles Street property as the insured residence, and identified Mr. Harper and Ms. Watts as insureds.  The policy was in effect until 2003.  The policy contained, *inter alia*, the following provisions:

> Section II - Exclusions
>> 1. Coverage L (Liability) and Coverage M (Medical)do not apply to...
>>
>>> (b)  bodily injury and property damage arising out of the business pursuits of any insured or the holding for rental of any part of the premises by any insured.  This exclusion does not apply:
>>>
>>>> (1)  to activities which are ordinarily incident to non-business pursuits;
>>>> (2)  with respect to Coverage L to the occasional or part-time business pursuits of an insured who is under 19 years of age;
>>>> (3)  to the rental or holding for rental of a residence of yours;
>>>>> (a)  on an occasional basis for the exclusive use as a residence...
>>>
>>> (d)  bodily injury or property damage arising out of any premises currently owned or rented to any insured which is not an insured location.  This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by the insured.

Mr. Harper lived at the Soles Street Property until early 2002.  Thereafter, in March of 2002, Mr. Harper rented the

3

home to plaintiff for an initial term of six (6) months[2].  Mr. Harper moved to the home of his girlfriend, Wendy Thomas, located at 1701 Scott Street, McKeesport, Pennsylvania.  Plaintiff paid Mr. Harper rent of $380.00 per month.  After the initial six months, plaintiff continued renting the home.  In total, plaintiff resided in the home with her family from March 1, 2002 until February 1, 2003.  Mr. Harper did not advise defendant that he had rented the property.

On August 29, 2002, Sharon Ann Gardner slipped and fell on the sidewalk outside the Soles Street property.  Sharon Ann Gardner claimed she suffered significant injuries in the fall[3].  On March 7, 2003, Sharon Ann Gardner advised defendant of her injuries.  Defendant assigned a claims adjuster, Dominic Mangiamelle, to conduct an investigation of the claim.  Neither Mr. Mangiamelle nor his supervisor, David Konefal-Shaer, recalled handling any prior claims which involved the "occasional basis" exception to the rental exclusion in defendant's homeowners policies.  Mr. Mangiamelle spoke to Mr. Harper, Ms. Watts and

---

[2] Although the record contains only an unsigned copy of the lease, both parties concede that plaintiff and Mr. Harper agreed to an initial rental term of six (6) months.

[3] Defendant seems to dispute the fact, cause and extent of Sharon Ann Gardner's injuries.  Defendant does not dispute, however, the fact that plaintiff filed a state court action against Mr. Harper and obtained a default judgment against him.

plaintiff's counsel in the course of his investigation. Defendant first learned that Mr. Harper had rented the property to plaintiff during this investigation.

Defendant's investigation included obtaining the statements of plaintiff, Mr. Harper and Ms. Watts. Plaintiff advised defendant that she was renting the Soles Street property from Mr. Harper beginning on March 1, 2002 and ending on February 1, 2003. During plaintiff's tenancy, Mr. Harper entered the Soles Street property at least one time per month to collect rent or retrieve personal belongings. Mr. Harper advised defendant that he rented the property to plaintiff in order to pay the mortgage on the Soles Street property. Mr. Harper returned to live there after plaintiff moved out in February of 2003.

Mr. Harper further stated that he had not informed defendant of the rental and was unaware of any need to do so. On March 23, 2003, after completing his investigation, Mr. Mangiamelle submitted a status report to his supervisors and requested authority to provide a statement of coverage to Mr. Harper. Mr. Mangiamelle did not, during his investigation, obtain the definition of "occasional basis" from a dictionary or other reference book. Mr. Mangiamelle did not obtain a legal opinion regarding this issue. By letter dated April 4, 2003, defendant denied Mr. Harper's claim for coverage. The letter was sent to Mr. Harper at the Soles Street property.

In the April 4, 2003 letter, defendant notified Mr. Harper that it was denying coverage on the basis that the policy excluded from coverage "bodily injury or property damage arising out of the business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured."

Sharon Ann Gardner passed away on March 31, 2004. Thereafter, on August 25, 2004, plaintiff filed suit on behalf of her mother's estate in the Court of Common Pleas of Allegheny County, Pennsylvania against Mr. Harper, Ms. Watts and Ms. Thomas seeking damages for Sharon Ann Gardner's injuries, Civil Action No. GD 04-20046.   Prior to filing suit, in July of 2004, plaintiff's counsel contacted defendant to determine if it would engage in settlement discussions.   Linda Shidel, the claims adjuster then assigned to the claim, advised plaintiff's counsel that defendant had not reconsidered the decision to deny Mr. Harper insurance coverage.   In her complaint, plaintiff alleged that the Soles Street property was Mr. Harper's residence, which she rented on an occasional basis.   Plaintiff's counsel provided defendant with a copy of the lawsuit.

By letter dated September 10, 2004, defendant advised Mr. Harper that it had previously denied him insurance coverage regarding Sharon Ann Gardner's injury and that it would not provide him with a defense of plaintiff's claim.   Defendant did not conduct any additional investigation beyond that which it had

conducted when it previously determined that Mr. Harper did not have insurance coverage. Defendant stated that the denial of insurance coverage and defense was based on the fact that, at the time of Sharon Ann Gardner's injury, Mr. Harper had rented the Soles Street property to plaintiff. Defendant further advised Mr. Harper that the "insured location" exclusion, set forth in the insurance policy at Section II 1(d), *supra*, also provided a basis for defendant to deny Mr. Harper insurance coverage. Specifically, defendant stated "[s]ince you held the residence premises for rental and did not occupy any part of it when this accident occurred, we must deny coverage for this claim." Defendant did not inform Mr. Harper of the statute of limitations for any claims Mr. Harper may have had against defendant.

Mr. Harper did not file an Answer to plaintiff's complaint. Soon thereafter, on March 24, 2005, plaintiff obtained a default judgment against Mr. Harper. On May 18, 2006, a non-jury trial on damages was held in the Court of Common Pleas of Allegheny County, Pennsylvania. On June 16, 2006, judgment was entered solely against Mr. Harper in the amount of $1,642,757.52, plus costs and interest.

On April 8, 2005, plaintiff's counsel filed a Praecipe for a Writ of Summons, in the Court of Common Pleas of Allegheny County, GD No. 05-008657, captioned <u>Kevin Harper v. State Farm Fire and Casualty Company</u>. At the time the Writ was filed, Mr.

7

Harper had not assigned his rights to plaintiff, nor had he authorized plaintiff's counsel to act on his behalf.  On June 22, 2005, Mr. Harper assigned his rights and claims against defendant to plaintiff.  Plaintiff executed the assignment on June 29, 2005.  The same day, plaintiff's counsel served the Writ on defendant, via certified mail.  Defendant received the Writ on July 2, 2005.  On July 29, 2005, defendant removed the action to this court.  On September 14, 2005, plaintiff filed a complaint captioned <u>Kevin Harper v. State Farm Fire and Casualty Company</u>. On December 6, 2005, Mr. Harper filed a motion pursuant to Fed.R.Civ.P. 17 to substitute plaintiff, as administratrix of Sharon Ann Gardner's estate and as assignee of his rights against defendant, as the real party in interest.  By order dated December 13, 2005, this court granted the motion.

II.   <u>STANDARD OF REVIEW</u>

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Similarly, summary judgment is improper so long as the dispute over the material facts is genuine.  <u>Id</u>.  In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party.  <u>Id</u>. at 248-49.

This court's jurisdiction is based on the diversity of citizenship of the parties.  28 U.S.C. § 1332.  Accordingly, we apply Pennsylvania choice of law rules.  <u>St. Paul Fire & Marine Ins. Co. v. Lewis</u>, 935 F.2d 1428, 1431 n. 3 (3d Cir. 1991)(citation omitted).  In Pennsylvania, an insurance contract is governed by the law of the state in which the contract was made.  <u>Crawford v. Manhattan Life Ins. Co.</u>, 208 Pa.Super. 150 (1966).  Here, the parties assume that the contract was made in Pennsylvania and, thus, Pennsylvania law applies.  The court agrees.

III.  <u>DISCUSSION</u>

   A.  <u>Breach of Contract (Count I) and</u>
       <u>Breach of Fiduciary Duty(Count II)</u>

        In Counts I and II, plaintiff alleges that defendant
breached the express provisions of the insurance policy.
Plaintiff also contends that defendant's actions violated the
fiduciary duty defendant owed Mr. Harper and, relatedly, breached
a contractual duty of good faith and fair dealing.  For the
reasons set forth below, the court finds that the insurance
contract was not breached and that defendant acted in good faith.
Accordingly, the court will grant defendant's motion for summary
judgment of plaintiff's claims in Counts I and II.

        It is well established that the interpretation of an
insurance contract is a question of law for the court to decide.
<u>Canal Ins. Co. v. Underwriters at Lloyd's London</u>, 435 F.3d 431,
435 (3d Cir. 2006).  Where, as here, "an insurer relies on a
policy exclusion as the basis for its denial of coverage and
refusal to defend, the insurer has asserted an affirmative
defense and, accordingly, bears the burden of proving such
defense."  <u>Id</u>. (citation omitted).

        A court must first look to the insurance policy and
determine whether the language is ambiguous.  <u>Forum Ins. Co. v.</u>
<u>Allied Sec. Inc.</u>, 866 F.2d 80, 81 (3d Cir. 1989).  The
Pennsylvania Supreme Court has noted that "contractual language
is ambiguous 'if it is reasonably susceptible of different

10

constructions and capable of being understood in more than one sense.'" Prudential Ins. Co. v. Sartno, 588 Pa. 205, 212(Pa. 2006) (internal citation omitted).  The court further explained that "contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts."  Id.  The court of appeals has held that "where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." Canal Ins. Co., 435 F.3d at 435.  The Pennsylvania Supreme Court has cautioned that "where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." Prudential Ins. Co., 588 Pa. at 212.

      The court of appeals, applying Pennsylvania law, has stated that "an insurer has a duty to defend if the complaint filed by the injured party potentially comes within the policy's coverage." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005).  Thus, the court of appeals noted, "the duty to defend is a distinct obligation, different from and broader than the duty to indemnify."  Id.  Accordingly, "there is no duty to indemnify if there is no duty to defend."  Id.  The court must first determine the scope of coverage under the policy, and then "must examine the complaint in the underlying action to determine whether it triggers coverage."  Id.  "Both the duty to defend and

11

the duty to indemnify flow from a determination that the complaint triggers coverage." Id.

    1. Scope of Coverage

Here, plaintiff contends that the policy is ambiguous. The court disagrees. The policy specifically provides that coverage will be denied in the event that the property is held for rental. It is undisputed that at the time of the accident the property was being rented.

The exclusion does not apply, however, if the rental is on an "occasional basis." "Occasional basis" is not defined in the policy. The court of appeals has opined that "[w]here critical terms are left undefined in a policy, Pennsylvania case law instructs that words of common usage in an insurance policy are to be construed in their natural, plain and ordinary sense...and we may inform our understanding of these terms by considering their dictionary definitions." Canal Ins. Co., 435 F.3d at 435-436 (citation and internal quotation omitted). The court of appeals directed that "[c]ourts should not, however, distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity." Id. at 435. "Occasional" and "basis" are clearly words of common usage.

Merriam-Webster Dictionary defines "occasional," an adjective, in relevant part as: (1) of or relating to a particular occasion; or (2) encountered, occurring, appearing, or

12

taken at irregular or infrequent intervals. "Basis," a noun, is defined in relevant part as: (1) something on which something else is established or based; or (2) an underlying condition or state of affairs. Merriam-Webster, Inc., Merriam-Webster's Collegiate Dictionary (Merriam-Webster, 11th Ed. 2003).

Plaintiff contends that the Pennsylvania Supreme Court's decision in Prudential Ins. Co. v. Sartno, *supra*, compels the conclusion that a term in an insurance contract is ambiguous if it is "subject to more than one reasonable interpretation when applied to a particular set of facts." Prudential Ins. Co., 588 Pa. at 212. Although the court agrees with plaintiff's statement of the law, the court disagrees with plaintiff's contention that the terms "occasional" and "basis" are subject to more than one reasonable interpretation based upon the facts presented here.

Specifically, in the policy at issue, the term "occasional" modifies the term "basis." Thus, according to the contract, the underlying condition or state of affairs is that coverage is required if the property is the residence of the insured. The only exception to this rule is if the property is not the residence of the insured "occasionally" which can be interpreted as either: of or relating to a particular occasion; or encountered, occurring, appearing, or taken at irregular or infrequent intervals.

Under either interpretation, coverage would not be required here.  Plaintiff's rental was neither on a particular occasion, nor was it taken at irregular or infrequent intervals.  Rather, plaintiff rented the property continuously for almost one (1) year which is, practically speaking, the entire term of the annually renewable policy.  The fact that Mr. Harper only rented to the plaintiff over the course of his ownership of the property is immaterial.  Mr. Harper may have rented the property on only one occasion, but the facts clearly establish that plaintiff's rental was not on an "occasional basis."

Plaintiff's interpretation of the insurance policy is not reasonable in that her interpretation would require the court to "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity." Canal Ins. Co., 435 F.3d at 435.  Simply put, plaintiff's interpretation would effectively transform a homeowner's insurance policy into a landlord's insurance policy and render the applicable exclusions meaningless.  In sum, the facts of this case conclusively establish that Mr. Harper did not rent the property to plaintiff on an "occasional basis," and, thus, the policy does not provide coverage for Sharon Ann Gardner's injuries.[4]

---

[4] Plaintiff suggests, in a footnote, that collateral estoppel should preclude defendant from arguing that the language is unambiguous based on the recent decision of a state court in Washington interpreting the same provision.  In State Farm v.
(continued...)

2.   <u>Duty to Defend</u>

As noted above, the duty to defend is distinct from, and broader, than the duty to indemnify.  Thus, if there is no duty to defend, there is necessarily no duty to indemnify.  <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 225 (3d Cir. 2005).  Here, plaintiff contends that her complaint against Mr. Harper, on its face, triggered defendant's duty to defend Mr. Harper in the underlying state court action.   The court disagrees.

Plaintiff insists that, in the underlying action, she alleged that the Soles Street property was Mr. Harper's residence which he rented to plaintiff on an occasional basis for the

_____

[4](...continued)
<u>Piazza</u>, 132 Wash. App. 329 (Wash. App. Div. 1, 2006), the Court of Appeals of Washington, Division 1 stated that the terms "occasional basis" were, under Washington law, ambiguous but determined that a "continuous rental arrangement of over 26 months cannot be called "occasional" under any definition of the term." <u>Id</u>. at 333.  Defendant correctly notes that for collateral estoppel to apply, the issue before this court must be identical to the issue that was previously adjudicated. <u>Jean Alexander Cosmetics, Inc. v. L'Oreal USA Inc</u>., 458 F.3d 244, 249 (3d Cir. 2006).  Since the court in <u>Piazza</u> applied Washington law, and we are bound to apply the law of the Commonwealth of Pennsylvania, collateral estoppel does not preclude defendant from arguing that these terms are unambiguous.  It should also be noted that, although there appear to be no Pennsylvania cases interpreting this provision, courts in other jurisdictions have found, under facts analogous to those presented here, that the "occasional basis" exception to the rental exclusion did not apply.  <u>See</u> <u>e.g.</u> <u>State Farm Fire & Casualty Co. v. Wonnell</u>, 178 Ill. App. 3d 823(Ill. App. Ct. 1989)(holding that month to month rental was not occasional).

exclusive use as a residence.  Thus, plaintiff contends, since this allegation appears to trigger coverage, defendant was required to provide Mr. Harper a defense.  While it is true that plaintiff alleged that the rental was on an occasional basis, it is well established that "[b]efore considering whether a complaint is potentially covered by a policy, it is necessary to determine the coverage of the policy in the first instance."  Lucker Mfg. Inc. v. The Home Ins. Co., 23 F.3d 808, 813 (3d Cir. 1994).  As set forth above, the scope of the policy's coverage does not include injuries sustained by tenants.

Further, although plaintiff alleges that the rental was on an occasional basis, if this bare allegation was sufficient to trigger the duty to defend, litigation would be encouraged "through the use of artful pleadings to avoid exclusions in liability insurance policies."  Mutual Beneficial Ins. Co. v. Haver, 555 Pa. 534, 539 (Pa. 1999).  Accordingly, the court finds that defendant did not have a duty to either defend or indemnify Mr. Harper.  Thus, the court concludes that defendant did not breach the insurance contract nor did it breach its fiduciary duty or contractual duty of good faith.

B.  Negligence (Count III) and Bad Faith(Count IV)

Plaintiff's claim for negligence in Count III is governed by a two (2) year statute of limitations.  42 Pa.C.S.A. 5524.  In Sikirica, *supra*, the Court of Appeals for the Third

16

Circuit predicted that the Pennsylvania Supreme Court would hold that plaintiff's claim for bad faith under 42 Pa.C.S.A. § 8371 in Count IV also has a two (2) year statute of limitations. Sikirica, 416 F.3d at 223-24 (citing Ash v. Cont'l Ins. Co., 861 A.2d 979, 984 (Pa. Super. 2004)). The court of appeals further predicted that the Pennsylvania Supreme Court would find that a statute of limitations begins to run when a cause of action arises or accrues which, in a bad faith claim, is when coverage is denied. Id. (citing Adamski v. Allstate Ins. Co., 738 A.2d 1033 (Pa. Super. 1999)). Here, defendant denied Mr. Harper coverage on April 4, 2003.

Although plaintiff claims that the complaint Mr. Harper filed in this court on September 14, 2005, should relate back pursuant to Fed. R. Civ. P. 15(c) to the Writ her counsel filed in state court on April 8, 2005, it is undisputed that, at that time, Mr. Harper had not authorized plaintiff or her counsel to act on his behalf. Mr. Harper did not assign his rights to plaintiff until June 22, 2005.

The court has not found any cases which address this issue. It is clear, however, that relation back under Fed.R.Civ.P. 15(c)(3) provides that "an amendment of a pleading relates back to the date of the original pleading when...the amendment changes the party or the naming of the party...and...but for a mistake concerning the proper party," the

17

proper party would have been named.  The April 8, 2005 Writ,
however, was not filed in the name of Kevin Harper by mistake[5].
Accordingly, Fed.R.Civ.P. 15(c)(3) does not apply.  Thus, the
earliest date this action was properly commenced is June 29,
2005, when Mr. Harper's assignment of his rights to plaintiff was
executed by plaintiff.  Mr. Harper conceded that he received
defendant's April 4, 2003 denial of coverage letter and there is
no reason to believe he did not receive it until June of 2003.
Therefore, Mr. Harper's causes of action for negligence and bad
faith accrued on or shortly after April 4, 2003 and these claims
are time barred.

Plaintiff's claims for bad faith and negligence are
also barred as a matter of law.  Under Pennsylvania law,
plaintiff's claims for bad faith sounding either in contract or
brought pursuant to 42 Pa.C.S.A. § 8371 are contingent upon the
success of the underlying breach of contract claim.  Frog, Switch
& Manufacturing Co. v. Travelers Ins. Co. , 193 F.3d 742, 751 n.
9 (3d Cir. 1999).  The court of appeals adopted the district
court's reasoning that "[ba]d faith claims cannot survive a

---

[5]
Defendant contends that this court should find this case to
be *void ab initio*.  While the court is troubled by the
circumstances under which the Writ was filed, Mr. Harper has
not objected to the conduct of plaintiff's counsel and does
not appear to have been prejudiced by it.  It would be
inequitable, however, and prejudicial to defendant to allow
plaintiff to benefit via the doctrine of relation back to an
admittedly unauthorized act.

determination that there was no duty to defend, because the court's determination that there was no potential coverage means that the insurer had good cause to refuse to defend." Id. See also Lucker Mfg. v. Home Ins. Co., 23 F.3d 808, 821 n. 19 (3d Cir. 1994).

Plaintiff's claim of negligence is barred by the "gist of the action" doctrine. Under the "gist of the action" doctrine, "to be construed as a tort action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral." Redevelopment Auth. Of Cambria County v. Int'l Ins. Co., 454 Pa. Super. 374, 392 (Pa. Super. 1996). In other words, a claim should be limited to a contract claim when "the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts." Bash v. Bell Telephone Co., 411 Pa. Super. 347, 357 (Pa. Super. 1992). "As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v. Alias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. 2002). Plaintiff's claims here are ordinary contract claims that she has attempted to re-cast as a negligence claim. Accordingly, plaintiff's negligence claim is barred by the gist of the action doctrine.

19

C.   <u>Violation of the PUTPCPL (Count V)</u>

The Pennsylvania Superior Court has observed that the PUTPCPL was designed to protect the public from fraud and deceptive business practices.  <u>Pirozzi v. Penske Olds-Cadillac-GMC</u>, 605 A.2d 373 (Pa. Super. 1992).  The statute provides a private right of action for "any person who purchases...goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" because the seller "engaged in unfair or deceptive acts or practices." 73 Pa.C.S.A. §§ 201-3, 201-9.2(a).  Plaintiff argues that courts have interpreted a violation of the PUTPCPL as measured by a standard of "malfeasance, the improper performance of a contractual obligation."  <u>Horowitz v. Fed. Kemper Life Assurance Co.</u>, 57 F.3d 300, 307 (3d Cir. 1995).

The undisputed evidence establishes that defendant committed neither malfeasance nor did it improperly perform a contractual obligation.  Accordingly, the court will grant defendant's motion for summary judgment of plaintiff's claim that it violated the PUTPCPL.  Further, as set forth above, plaintiff's claim for punitive damages in Count VI is merely incidental to her other causes of action.  Since the court will grant defendant's motion for summary judgment of Counts I-V, Count VI will be dismissed as well.

IV.    <u>CONCLUSION</u>

For the reasons set forth above, defendant's motion for summary judgment [Doc. No. 67] will be granted and plaintiff's motion for summary judgment [Doc. No. 71] will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE GARDNER, as            )
Administratrix of the         )
Estate of Sharon Ann Gardner, )
deceased as Assignee of       )
Kevin Harper,                 )
                              )
          Plaintiff,          )
                              )
     v.                       )     Civil Action No. 05-1055
                              )
STATE FARM FIRE and CASUALTY  )
COMPANY,                      )
          Defendant.          )

<u>ORDER</u>

AND NOW, this 11th day of June, 2007, upon consideration of defendant's motion for summary judgment [Doc. No. 67] and plaintiff's cross motion for summary judgment [Doc. No. 71] IT IS HEREBY ORDERED THAT defendant's motion is GRANTED and plaintiff's motion is DENIED.  The Clerk of Court is directed to mark this case closed.

BY THE COURT:


          s/Gary L. Lancaster          , J.
          The Honorable Gary L. Lancaster,
          United States District Judge


cc:  all parties of record